**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEATHER NEWTON, individually and on behalf of others similarly situated, <br><br>         Plaintiff - Appellee, <br><br>   v. <br><br> AMERICAN DEBT SERVICES, INC., a California corporation and QUALITY SUPPORT SERVICES, LLC, a California limited liability company, <br><br>         Defendants, <br><br>   And <br><br> GLOBAL CLIENT SOLUTIONS, LLC and ROCKY MOUNTAIN BANK AND TRUST, <br><br>         Defendants - Appellants. | No. 12-15549 <br><br> D.C. No. 3:11-cv-03228-EMC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted December 3, 2013

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Global Client Solutions and Rocky Mountain Bank & Trust (collectively Defendants) appeal from the district court's denial of their motion to compel arbitration in a purported class action brought by Heather Newton.

1. We review a district court's decision on the arbitrability of a dispute de novo. *PowerAgent Inc. v. Electronic Data Systems Corp.*, 358 F.3d 1187, 1191-92 (9th Cir. 2004). The district court properly decided the arbitrability of this dispute, because (1) the parties did not assign the issue of arbitrability to the arbitrator and (2) the crux of Newton's complaint is not a challenge to the entire contract's validity. *Bridge Fund Capital v. Fastbucks Franchise*, 622 F.3d 996, 1000 (9th Cir. 2010); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006). Instead, Newton alleges in her complaint that Defendants charged illegal fees, provided negligent services, and made misrepresentations. Further, *Buckeye*'s "crux of the complaint" rule does not require the party opposing arbitration to have plead such opposition in its pleadings. *Bridge Fund*, 622 F.3d at 1001.

2. The Federal Arbitration Act establishes that contractual arbitration agreements must be enforced "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. These grounds include "generally

2

applicable contract defenses," *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) (internal quotation marks omitted), like state law unconscionability, *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002), if "agnostic towards arbitration," *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 927 (9th Cir. 2013). In California, a contract clause is unconscionable if both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 689-90 (Cal. 2000) (articulating "general principles" of unconscionability). We review a district court's denial of a motion to compel arbitration de novo, *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc), and its factual findings for clear error, *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267-68 (9th Cir. 2006) (en banc).

Whether an arbitration agreement is procedurally unconscionable depends on "'the manner in which the contract was negotiated and the circumstances of the parties at that time.'" *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1171 (9th Cir. 2003) (quoting *Kinney v. United Healthcare Servs., Inc.*, 83 Cal. Rptr. 2d 348, 352-53 (Cal. Ct. App. 1999)).[1] Elemental to this inquiry is whether the agreement

---

[1]"California's procedural unconscionability rules do not disproportionately affect arbitration agreements, for they focus on the parties and the circumstances of the agreement and apply equally to the formation of all contracts." *Chavarria*, 733 F.3d at 926.

"involves oppression or surprise." *Id.* Defendants concede the arbitration

agreement was an adhesion contract. As a result, it is oppressive (and therefore

procedurally unconscionable). *Flores v. Transamerica HomeFirst, Inc.*, 113 Cal.

Rptr. 2d 376, 382 (Cal. Ct. App. 2001). Surprise is also present, because (1)

Newton did not sign the arbitration agreement (it was incorporated by reference);

(2) the arbitration agreement was on the reverse side of a one-page document; and

(3) the arbitration agreement was in small print. *Ingle*, 328 F.3d at 1171. Involving

both oppression and surprise, the agreement is procedurally unconscionable.

Contract provisions are substantively unconscionable if "unfairly one-

sided." *Little v. Auto Stiegler, Inc.*, 63 P.3d 979, 984 (Cal. 2003). Four aspects of

this arbitration agreement render it substantively unconscionable. First, the

arbitration forum provision requires Newton, who resides in California, to arbitrate

in Tulsa, Oklahoma—Global Client Solutions's headquarters. *See Bolter v.

Superior Court*, 104 Cal. Rptr. 2d 888, 894 (Cal. Ct. App. 2001) (finding

substantive unconscionability when California litigants were required to arbitrate

in Utah). Second, the arbitration agreement reserves the selection of an arbitrator

solely to Defendants. *See Sehulster Tunnels/Pre-Con v. Traylor Bros.,

Inc./Obayashi Corp.*, 4 Cal. Rptr. 3d 655, 666 (Cal. Ct. App. 2003) ("A single

arbitrator unilaterally selected by a contracting party adverse to the other party is

presumed to be biased."). Third, the arbitration agreement limits damages otherwise available to Newton under statute. *See Armendariz*, 6 P.3d at 694 ("The unconscionable one-sidedness of the arbitration agreement is compounded . . . by the fact that it does not permit the full recovery of damages for employees, while placing no such restriction on the employer."). Finally, the arbitration agreement increases Newton's potential liability for attorney fees as compared to California's codified fee shifting regime. *See Ting v. AT&T*, 319 F.3d 1126, 1151 (9th Cir. 2003) ("[P]arties that agree to arbitrate statutory claims still are entitled to basic procedural and remedial protections so that they can effectively realize their statutory rights."). These four provisions demonstrate substantive unconscionability.[2]

In making this determination, we harmonize with *Concepcion*, because our decision is not founded on a policy "unfavorable to arbitration." *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1160 (9th Cir. 2013) (citing *Concepcion*, 131 S. Ct. at 1748). Instead, our inquiry is based on general California law

---

[2]That the damages limitation and fee shifting provisions were located outside of the specific arbitration clause does not mean those provisions cannot be considered when determining unconscionability of the arbitration agreement. *See Rent-A-Center, West Inc. v. Jackson*, 561 U.S. 63, —, 130 S. Ct. 2772, 2780 (2010) (noting that provisions outside the specific arbitration clause may be considered in determining whether an arbitration agreement is unconscionable if those provisions "as applied" to the arbitration clause render it unconscionable).

respecting unconscionable contracts. *See Armendariz*, 6 P.3d at 689; *Chavarria*, 733 F.3d at 927.

3.　In California, severance is preferred over "voiding the entire agreement." *Armendariz*, 6 P.3d at 696. The United States Supreme Court has an even stronger preference for severance in the context of arbitration agreements. *See Concepcion*, 131 S. Ct. at 1749 (recognizing "a liberal federal policy favoring arbitration" in the FAA). However, California law does not permit severing illegal provisions of an agreement if its "central purpose . . . is tainted with illegality," *Marathon Entm't, Inc. v. Blasi*, 174 P.3d 741, 754 (Cal. 2008), and "a district court's choice not to sever unconscionable portions of an arbitration agreement" is reviewed "for abuse of discretion," *Bridge Fund*, 622 F.3d at 1000.

The district court did not implausibly or illogically decline to sever the unconscionable parts of this arbitration agreement, *Forest Grove Sch. Dist. v. T.A.*, 638 F.3d 1234, 1238 (9th Cir. 2011), despite Congress's preference for arbitration. The arbitration agreement included four unconscionable provisions. To have severed all of them would have left a mere agreement to arbitrate, therefore requiring extensive reformation of the arbitration agreement. *Armendariz*, 6 P.3d at 696-97.

The district court's judgment is **AFFIRMED**.