M. SMITH, Circuit Judge,
dissenting:
I respectfully dissent. In holding that the district court correctly voided the arbitration clause as unconscionable under California law, the majority relies on Pokorny v. Quixtar, 601 F.3d 987 (9th Cir. 2010), Shroyer v. New Cingular Wireless Services, Inc., 498 F.3d 976 (9th Cir.2007), Abramson v. Juniper Networks, Inc., 115 Cal.App.4th 638, 9 Cal.Rptr.3d 422 (2004), Ingle v. Circuit City Stores, Inc., 328 F.3d 1165 (9th Cir.2003), Harper v. Ultimo, 113 Cal.App.4th 1402, 7 Cal.Rptr.3d 418 (2003), Szetela v. Discover Bank, 97 Cal.App.4th 1094, 118 Cal.Rptr.2d 862 (2002), and Armendariz v. Found. Health Psychcare Services, Inc., 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000).
In so doing, the majority fails to acknowledge that in AT & T Mobility LLC v. Concepcion, — U.S. -, 131 S.Ct. 1740, 1747, 179 L.Ed.2d 742 (2011), the Supreme Court held that the Federal Arbitration Act preempts certain state law contract defenses that have a disproportionate effect on arbitration clauses. The Supreme Court also clarified that an arbitration clause is not procedurally unconscionable merely because it appears in a contract of adhesion. Id. at 1750-53.
Following Concepcion, the California Supreme Court expressly reconsidered how its unconscionability jurisprudence applies to arbitration agreements. Sonic-Calabasas A. Inc. v. Moreno, 57 Cal.4th 1109, 114-49, 163 Cal.Rptr.3d 269, 311 P.3d 184 (2013).[1] In Sonic-Calabasas, the California Supreme Court explained that in order to hold that an arbitration clause is void under California law, we must engage in a fact-intensive inquiry as to both procedural and substantive unconscionability. See id., 163 Cal.Rptr.3d 269, 311 P.3d at 204-05. When considering procedural unconscionability, we must find that the arbitration provision was the result of “oppression or surprise due to unequal bargaining power.” Id., 163 Cal.Rptr.3d 269, 311 P.3d at 194. When considering substantive unconscionability, we must find that the provision “is unreasonably favorable to one party, considering in context ‘its commercial setting, purpose, and ef- *821 feet.’ ” Id., 163 Cal.Rptr.3d 269, 311 P.3d at 205 (internal citation omitted).
Under Sonic-Calabasas, the party asserting that an arbitration clause is void bears the burden of proving that the clause is unenforceable. Id. Moreover, the Supreme Court of California emphasized that under California law discovery is generally necessary to assess whether an arbitration clause is unconscionable:
[California Civil Code] section 1670.5, subdivision (b) provides that “[w]hen it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination,” and we have said, in construing [the California Civil Code], that “a claim of uneonscionability often cannot be determined merely by examining the face of the contract.” Perdue v. Crocker Nat’l Bank [38 Cal.3d 913, 216 Cal.Rptr. 345], 702 P.2d 503, 512 (Cal.1985).
Id., 163 Cal.Rptr.3d 269, 311 P.3d at 204 (emphasis added).
In my view, the district court did not have enough facts before it to engage in the analysis that the California Supreme Court requires. The district court did not permit the parties to engage in factual discovery before voiding the arbitration clause. Rather, the court resolved Han-jin’s motion based solely on the pleadings and a bare-bones affidavit. And in so doing, the court erroneously resolved all disputed facts in Hanjin’s favor. See Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir.2008) (a motion to compel arbitration is the “functional equivalent” of a motion for summary judgment); see also Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 774-76 (3d Cir.2013).
Because the district court did not permit factual discovery before ruling on the motion to compel arbitration, the factual record is not adequately developed, and I cannot locate within it those facts that are necessary to determine: (1) whether the arbitration provision was the result of “oppression or surprise due to unequal bargaining power;” or (2) whether the provision “is unreasonably favorable to one party, considering in context ‘its commercial setting, purpose, and effect.’” Sonic-Calabasas, 163 Cal.Rptr.3d 269, 311 P.3d at 194, 205 (internal citation omitted). For this reason, I believe that a remand is required to develop a factual record that would permit the district court to engage in this analysis in the first instance.[2]
I respectfully dissent.

. The majority also cites to Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 926 (9th Cir.2013) for the proposition that the FAA does not preempt California's "unconsciona-bility rules,” but this case does not discuss the manner in which the California Supreme Court changed its unconscionability jurisprudence in light of Concepcion. Indeed, it was issued two months prior to Sonic-Calabasas.

. In reaching this conclusion, I acknowledge that the district court issued its opinion prior to Sonic-Calabasas’ publication. Nevertheless, "[t]he general rule ... is that an appellate court must apply the law in effect at the time it renders its decision.” Clabourne v. Ryan, 745 F.3d 362, 380 (9th Cir.2014) (internal quotation marks and citations omitted).