**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THOMAS ZABOROWSKI; VANESSA BALDINI; KIM DALE; NANCY PADDOCK; MARIA HOWARD; TIM PLATT, on behalf of themselves and all others similarly situated, | No. 13-15671 <br><br> D.C. No. 3:12-cv-05109-SI <br><br> MEMORANDUM[*] |
| Plaintiffs - Appellees, | |
| v. | |
| MHN GOVERNMENT SERVICES, INC.; MANAGED HEALTH NETWORK, INC., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and MARTINEZ, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ricardo S. Martinez, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

MHN Government Services, Inc. (MHN) appeals from the district court's order denying its motion to compel arbitration. We affirm.

**1.** The district court correctly held that the arbitration provision is procedurally unconscionable. *See Chavarria v. Ralph's Grocery Co.*, 733 F.3d 916, 922–23 (9th Cir. 2013). The district court found that MHN was in a superior bargaining position, the arbitration provision was a condition of employment, and plaintiffs were not given a meaningful opportunity to negotiate. These findings are not clearly erroneous, and they support the conclusion that the contract is oppressive. *See Ellis v. McKinnon Broad. Co.*, 23 Cal. Rptr. 2d 80, 83 (Ct. App. 1993) (defining oppression as the absence of real negotiation and meaningful choice resulting from inequality of bargaining power). Contrary to MHN's contention, the contract's modification provision did not invite negotiation, and California law does not require plaintiffs to have attempted to negotiate in order to show oppression. *See, e.g.*, *Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1106–07 (9th Cir. 2003); *A&M Produce Co. v. FMC Corp.*, 186 Cal. Rptr. 114, 125 (Ct. App. 1982).

**2.** The district court also correctly held that multiple aspects of the arbitration provision are substantively unconscionable.

First, the arbitrator-selection clause is substantively unconscionable. *See Chavarria*, 733 F.3d at 923–26. The clause gives MHN the power to control arbitrator candidates so long as those arbitrators are licensed to practice law and are purportedly "neutral." Granting MHN near-unfettered discretion to select its three preferred arbitrators is "unjustifiably one-sided," *Chavarria*, 733 F.3d at 923, and unreasonably reallocates risks to the weaker bargaining party. *Samaniego v. Empire Today LLC*, 140 Cal. Rptr. 3d 492, 497 (Ct. App. 2012).

Second, the contract's sixth-month limitations period is substantively unconscionable. California law permits contractually shortened limitations periods so long as they "provide a party sufficient time to effectively pursue a judicial remedy." *Ellis v. U.S. Sec. Assocs.*, 169 Cal. Rptr. 3d 752, 757 (Ct. App. 2014) (internal quotation marks omitted). The district court correctly noted that violations of labor laws are not discovered overnight: It takes time to recognize the violation, investigate it, and file a claim. Given the nature of plaintiffs' claims, the sixth-month limitations period works as a "practical abrogation of the right of action." *Ellis*, 169 Cal. Rptr. 3d at 757 (internal quotation marks omitted).

Third, the costs-and-fee-shifting clause is substantively unconscionable. The clause awards fees and costs to the "prevailing party, or substantially prevailing party[]," which means that even if plaintiffs prevail on some of their

claims but not all, they may still be required to pay MHN's attorney's fees and costs. This provision is contrary to the applicable statutory cost-shifting regimes provided by California and federal law, which entitle only the prevailing plaintiff to an award of costs and fees. *See* 29 U.S.C. § 216(b); Cal. Lab. Code § 1194(a). "There is no justification to ignore a [statutory] cost-shifting provision, except to impose upon the employee a potentially prohibitive obstacle to having her claim heard." *Chavarria*, 733 F.3d at 925. The costs-and-fee-shifting clause results in an "unreasonable" and "unexpected" allocation of risks. *Samaniego*, 140 Cal. Rptr. 3d at 497. Its effect is to chill employees from seeking vindication of their statutory rights by pursuing claims in arbitration.

Finally, we agree with the district court that, to at least a limited degree, the filing fees and punitive damages waiver are substantively unconscionable. The $2600 filing fee imposed by the commercial arbitration rules hampers one party—the employee—much more than the other. Likewise, the punitive damages waiver "improperly proscribes available statutory remedies" afforded to plaintiffs bringing employment claims. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1179 (9th Cir. 2003).

**3.** The district court did not abuse its discretion by declining to sever the unconscionable portions of the arbitration provision. *See* Cal. Civ. Code

§ 1670.5(a); *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005–06 (9th Cir. 2010) (holding that the district court did not abuse its discretion in refusing to enforce an unconscionable arbitration clause in its entirety). Although the Federal Arbitration Act expresses a strong preference for the enforcement of arbitration agreements, the Act does not license a party with superior bargaining power "to stack the deck unconscionably in [its] favor" when drafting the terms of an arbitration agreement. *Ingle*, 328 F.3d at 1180. Under generally applicable severance principles, California courts refuse to sever when multiple provisions of the contract permeate the entire agreement with unconscionability. *See Samaniego*, 140 Cal. Rptr. 3d at 1149. The district court found that to be the case here, because striking the five unconscionable clauses would require it to "assume the role of contract author rather than interpreter." *Ingle*, 328 F.3d at 1180. While we may have reached a different conclusion on that score had we been conducting the analysis in the first instance, we cannot say that the district court's determination is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

    **4.** We reject MHN's preemption arguments as foreclosed by recent case law. *See Chavarria*, 733 F.3d at 926–27. *Chavarria* applied the same general

principles of California unconscionability law we have applied here.  Application of those principles does not result in an analysis that is impermissibly unfavorable to arbitration.

**AFFIRMED.**

*Zaborowski v. MHN Government Services, Inc.*, No. 13-15671

GOULD, Circuit Judge, concurring in part, and dissenting in part:

I concur in paragraphs 1 and 2 of the memorandum disposition but dissent from the majority's conclusion in paragraphs 3 and 4 of the memorandum disposition that the district court did not abuse its discretion in not severing the unconscionable provisions of the arbitration agreement. I would reverse the district court on this issue, requiring severance and leaving the arbitration agreement in place.

A district court abuses its discretion when it erroneously interprets a law, *United States v. Beltran-Gutierrez*, 19 F.3d 1287, 1289 (9th Cir. 1994), or when it rests its decision on an inaccurate view of the law, *Richard S. v. Dep't of Dev. Servs.*, 317 F.3d 1080, 1085–86 (9th Cir. 2003). In determining whether to sever the unconscionable provisions of the arbitration agreement, the district court relied on a California state court decision holding that "multiple unlawful provisions" allow a trial court to conclude that "the arbitration agreement is permeated by an unlawful purpose." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 697 (Cal. 2000).

But *Armendariz* was decided more than a decade before the Supreme Court's decision *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1747 (2011).

1

The United States Supreme Court has vindicated a liberal federal policy favoring arbitration. The reasoning in *Armendariz* that multiple unconscionable provisions will render an arbitration agreement's purpose unlawful has "a disproportionate impact on arbitration agreements" and should have been preempted by the Federal Arbitration Act ("FAA"). *Concepcion*, 131 S. Ct. at 1747.

In my view, *Concepcion* and its progeny should create a presumption in favor of severance when an arbitration agreement contains a relatively small number of unconscionable provisions that can be meaningfully severed and after severing the unconscionable provisions, the arbitration agreement can still be enforced. *Id.*; *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983) (holding that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration"). Here, if all the unconscionable provisions of the arbitration agreement, as determined by the district court and affirmed by this panel, were severed (as shown by the strikeouts in the paragraph below), the remainder of the arbitration agreement can still be enforced, and the district court need not "assume the role of contract author," *Ingle*, 328 F.3d at 1180:

> **Mandatory Arbitration**. The parties agree to meet and confer in
> good faith to resolve any problems or disputes that may arise under
> this Agreement. Such negotiation shall be a condition precedent to the

2

filing of any arbitration demand by either party. The parties agree that any controversy or claim arising out of or relating to this Agreement (and any previous agreement between the parties if this Agreement supersedes such prior agreement) or breach thereof, whether involving a claim in tort, contract or otherwise, shall be settled by final and binding arbitration in accordance with the provisions of the American Arbitration Association. The parties waive their right to a jury or court trial. The arbitration shall be conducted in San Francisco, California. A single, neutral arbitrator who is licensed to practice law shall conduct the arbitration. The complaining party serving a written demand for arbitration upon the other party initiates these arbitration proceedings. The written demand shall contain a detailed statement of the matter and facts supporting the demand and include copies of all related documents. [~~MHN shall provide Provider with a list of three neutral arbitrators from which Provider shall select its choice of arbitrator for the arbitration.~~] Each party shall have the right to take the deposition of one individual and any expert witness designated by another party. At least thirty (30) days before the arbitration, the parties must exchange lists of witnesses, including any experts (one each for MHN and Provider), and copies of all exhibits to be used at the arbitration. [~~Arbitration must be initiated within 6 months after the alleged controversy or claim occurred by submitting a written demand to the other party. The failure to initiate arbitration within that period constitutes an absolute bar to the institution of any proceedings.~~] Judgment upon the award rendered by the arbitrator may be entered in any court having competent jurisdiction. The decision of the arbitrator shall be final and binding. The arbitrator shall have no authority to make material errors of law [~~or to award punitive damages~~] or to add to, modify or refuse to enforce any agreements between the parties. The arbitrator shall make findings of fact and conclusions of law and shall have no authority to make any award that could not have been made by a court of law. [~~The prevailing party, or substantially prevailing party's costs of arbitration, are to be borne by the other party, including reasonable attorney's fees.~~][1]

_____

[1]  Although for purpose of illustrating severance, all unconscionable provisions of the arbitration agreement, as found by the district court and affirmed

The district court's decision not to sever the unconscionable provisions of the arbitration agreement relying on *Armendariz* is in my view based on an erroneous interpretation and an inaccurate view of *Concepcion* and the FAA. *Beltran-Gutierrez*, 19 F.3d at 1289; *Richard S.*, 317 F.3d at 1085–86. Accordingly, in my view the district court's decision not to sever the unconscionable provisions of the arbitration agreement should have been reversed, preserving to the parties their basic agreement to arbitrate disputes, and furthering the policies of the FAA as implemented in *Concepcion.* I respectfully dissent in part as to the disposition's affirmance of the district court on the severance issue.

---

by this panel, were severed, some of these provisions are arguably not unconscionable and apparently entered into in good faith, such as the six-month limitations period and the punitive damages waiver provisions. The provisions to be severed constitute a relatively small portion of the arbitration agreement and should not be used to eliminate the parties' ability to arbitrate their disputes. I recognize that one can imagine an arbitration agreement where the number and content of unconscionable provisions are so pervasive that they rebut the presumption in favor of severance. If that were so, it would then be within a district court's discretion not to sever the unconscionable provisions and not to enforce the arbitration agreement. But I do not view the challenged provisions here as being sufficient to rebut a presumption in favor of severance that I urge should arise under *Concepcion* on the facts here.