NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ARTHUR MERKIN; JAMES SMITH, individually and on behalf of all others similarly situated, and on behalf of the general public, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> VONAGE AMERICA, INC., <br><br> Defendant - Appellant. | No. 14-55397 <br><br> D.C. No. 2:13-cv-08026-CAS-MRW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted February 2, 2016
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,** Chief District Judge.

In this putative class action, Arthur Merkin and James Smith ("Plaintiffs") allege that Vonage America, Inc. ("Vonage") violated California law by charging

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

certain fees in connection with its Voice over Internet Protocol service. Vonage filed a motion to compel arbitration pursuant to its Terms of Service. The district court denied the motion, and Vonage timely appealed. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B) and reverse with directions to grant the motion.

1. We reject Vonage's argument that the district court should have referred to the arbitrator the Plaintiffs' contention that the arbitration provision in the Terms of Service was unconscionable. "[W]hen a plaintiff's legal challenge is that a contract as a whole is unenforceable, the arbitrator decides the validity of the contract," but "when a plaintiff argues that an arbitration clause, standing alone, is unenforceable . . . that is a question to be decided by the court." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010). Plaintiffs' challenge was clearly directed at the arbitration provision.

2. "Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013); *see also Sanchez v. Valencia Holding Co.*, 353 P.3d 741, 748 (Cal. 2015) ("[P]rocedural and substantive unconscionability must both be present.") (alterations omitted). We agree with the district court that the arbitration provision in the Vonage Terms of Service is procedurally unconscionable because it is adhesive, *Sanchez*, 353 P.3d at 751, and can be unilaterally modified by Vonage. *See Westlye v. Look Sports, Inc.*, 22 Cal.

Rptr. 2d 781, 792 (Ct. App. 1993) (describing procedural unconscionability as arising in situations where there is "no real negotiation and an absence of meaningful choice"); *Chavarria*, 733 F.3d at 923 (explaining that the Ninth Circuit has held, when applying California law, that the "degree of procedural unconscionability is enhanced when a contract binds an individual to later-provided terms").

3. In the district court, Plaintiffs identified several provisions of the arbitration agreement in the 2013 Terms of Service as substantively unconscionable.[1]  The only provision among those challenged below asserted on appeal to be substantively unconscionable is Section 14.10, which exempts certain categories of claims from arbitration.  We therefore address only that provision. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988) ("It is well established in this Circuit that claims which are not addressed" on appeal "are deemed abandoned.").

4. Assuming arguendo that Section 14.10 is unconscionable, "[w]here . . . only one provision of the agreement is found to be unconscionable and that provision can easily be severed without affecting the remainder of the agreement, the proper

---

[1]     The unilateral modification clause of the 2013 Terms of Service was not among the provisions that Plaintiffs claimed were substantively unconscionable. The district court only cited that clause, however, in finding procedural unconscionability.

course is to do so."[2]  *Dotson v. Amgen, Inc.*, 104 Cal. Rptr. 3d 341, 350 (Ct. App. 2010) (finding an abuse of discretion for refusing to sever such a provision).   The district court therefore erred by "declin[ing] to sever the offending provision."

5. The order of the district court denying Vonage's motion to compel arbitration is **REVERSED**, and this case is **REMANDED** with instructions to grant the motion.

---

[2]     Because the district court did not find Vonage's unilateral modification clause substantively unconscionable, we do not address whether the alleged unconscionability of a unilateral modification provision is a basis for declining to sever any other unconscionable provisions in an arbitration agreement.