**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RITAROSE CAPILI, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> THE FINISH LINE, INC., <br><br> Defendant - Appellant, <br><br> and <br><br> CIGNA HEALTH CORPORATION; LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendants. | No. 15-16657 <br><br> D.C. No. 3:15-cv-01158-HSG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Junior, District Judge, Presiding

Argued and Submitted April 17, 2017
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Before: SCHROEDERR and RAWLINSON, Circuit Judges, and DRAIN,[**] District Judge.

The Finish Line, Inc. ("Finish Line") appeals the district court's order denying its motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B). Reviewing de novo, *see Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017), we affirm.

"[A]fter *Concepcion,* unconscionability remains a valid defense to a petition to compel arbitration." *Sonic-Calabasas A, Inc. v. Moreno*, 311 P.3d 184, 201 (Cal. 2013). This is because California's "unconscionability standard is, as it must be, the same for arbitration and nonarbitration agreements." *Sanchez v. Valencia Holding Co., LLC*, 353 P.3d 741, 749 (Cal. 2015). Under California law, both procedural and substantive unconscionability must be present to find a contract unconscionable; however, they need not be present in the same degree. *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016).

The district court properly concluded the arbitration agreement was adhesive, and thus at least minimally procedurally unconscionable. *See Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922–23 (9th Cir. 2013). Capili's employment

---

[**] The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

application at Finish Line, which included The Finish Line, Inc. Employee Dispute Resolution Plan ("the Arbitration Agreement"), was adhesive because it was offered "on essentially a 'take it or leave it' basis." *Victoria v. Superior Court*, 710 P.2d 833, 837 (Cal. 1985) (en banc). Adhesive contracts are at least minimally procedurally unconscionable under California law. *See Baltazar v. Forever 21, Inc.*, 367 P.3d 6, 11 (Cal. 2016) (citing *Gentry v. Superior Court*, 165 P.3d 556, 573 (Cal. 2007)).

The district court also correctly determined the unconscionability of the Arbitration Agreement "at the time it was made." Cal. Civ. Code, § 1670.5, *Sanchez*, 353 P.3d at 755. Finish Line may not retroactively moot the provisions of Capili's contract to prevent unconscionability analysis.

The district court properly determined that the cost-sharing provision was substantively unconscionable. The provision required Capili, a retail employee making $15 per hour, to pay up to $10,000 at the outset of arbitration, not including the fees and costs for legal representation. Much like *Chavarria*, the cost-sharing provision here imposes substantial non-recoverable costs on low-level employees just to get in the door, effectively foreclosing vindication of employees' rights. 733 F.3d at 926–27.

The district court was also correct in finding that the clause that allowed

3

Finish Line, but not Capili, to seek judicial resolution of specified claims was substantively unconscionable. While judicial carve-outs are not unconscionable for claims an employer is more likely to bring, these exemptions must still have a modicum of bilaterality. *See Poublon*, 846 F.3d at 1273 (acknowledging the concession that an employer's unilateral claim exemptions were substantively unconscionable); *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1031 (9th Cir. 2016) (allowing both parties to pursue intellectual property claims in court); *Baltazar*, 367 P.3d at 13 (allowing both parties to seek injunctive relief in court). Based on the entire record, the district court did not err in finding that the Arbitration Agreement was both procedurally and substantively unconscionable.

At the time the order was issued, the district court was correct in finding the forum selection clause to be substantively unconscionable; however, subsequent precedent has refined the standard by which forum selection clauses are judged. *See Tompkins*, 840 F.3d at 1029–30. Parties opposing a forum selection clause must now show that the forum is "unavailable or unable to accomplish substantial justice" in order to demonstrate substantive unconscionability. *Id*. at 1029. Inconvenience and additional expense are not sufficient, unless proceeding in the selected forum will be "so gravely difficult and inconvenient that [the plaintiffs] will for all practical purposes be deprived of [their] day in court." *Id*. (quoting *Aral*

4

*v. EarthLink, Inc.*, 36 Cal. Rptr. 3d 229, 241–42 (Ct. App. 2005)). Capili's pleadings did not provide sufficient details of such a hardship. Given the selected forum was not shown to be unavailable or unable to accomplish substantial justice, the forum selection provision was not substantively unconscionable.

The district court did not abuse its discretion by declining to sever the unconscionable portions of the Arbitration Agreement. *See Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005–06 (9th Cir. 2010); Cal. Civ. Code § 1670.5(a). Although the Federal Arbitration Act articulates a preference for the enforcement of arbitration agreements, employers may not stack the deck unconscionably in their favor to discourage claims, then force courts "to assume the role of contract author rather than interpreter." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1180 (9th Cir. 2003). Where unconscionability permeates the entire agreement, California courts may refuse to sever unconscionable provisions. *See Poublon*, 846 F.3d at 1272. Based on the record, the district court did not abuse its discretion by finding that severance would not serve the interests of justice.

For all of the above reasons, the district court properly denied Finish Line's motion to compel arbitration.

**AFFIRMED.**