MEMORANDUM**
MHN Government Services, Inc. (MHN) appeals from the district court’s order denying its motion to compel arbitration. We affirm.
1. The district court . correctly held that the arbitration provision is procedurally unconscionable. See Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 922-23 (9th Cir.2013). The district court found that MHN was in a superior bargaining position, the arbitration provision was a condition of employment, and plaintiffs were not given a meaningful opportunity to negotiate. These findings are not clear *463 ly erroneous, and they support the conclusion that the contract is oppressive. See Ellis v. McKinnon Broad. Co., 18 Cal.App.4th 1796, 23 Cal.Rptr.2d 80, 83 (1993) (defining oppression as the absence of real negotiation and meaningful choice resulting from inequality of bargaining power). Contrary to MHN’s contention, the contract’s modification provision did not invite negotiation, and California law does not require plaintiffs to have attempted to negotiate in order to show oppression. See, e.g., Circuit City Stores, Inc. v. Mantor, 335 F.3d 1101, 1106-07 (9th Cir.2003); A & M Produce Co. v. FMC Corp., 135 Cal.App.3d 473, 186 Cal.Rptr. 114, 125 (1982).
2. The district court also correctly held that multiple aspects of the arbitration provision are substantively unconscionable.
First, the arbitrator-selection clause is substantively unconscionable. See Chavarria, 733 F.3d at 923-26. The clause gives MHN the power to control arbitrator candidates so long as those arbitrators are licensed to practice law and are purportedly “neutral.” Granting MHN near-unfettered discretion to select its three preferred arbitrators is “unjustifiably one-sided,” Chavarria, 733 F.3d at 923, and unreasonably reallocates risks to the weaker bargaining party. Samaniego v. Empire Today LLC, 205 Cal.App.4th 1138, 140 Cal.Rptr.3d 492, 497 (2012).
Second, the contract’s sixth-month limitations period is substantively unconscionable. California law permits contractually shortened limitations periods so long as they “provide a party sufficient time to effectively pursue a judicial remedy.” Ellis v. U.S. Sec. Assocs., 224 Cal.App.4th 1213, 169 Cal.Rptr.3d 752, 757 (2014) (internal quotation marks omitted). The district court correctly noted that violations of labor laws are not discovered overnight: It takes time to recognize the violation, investigate it, and file a claim. Given the nature of plaintiffs’ claims, the sixth-month limitations period works as a “practical abrogation of the right of action.” Ellis, 169 Cal.Rptr.3d at 757 (internal quotation marks omitted).
Third, the costs-and-fee-shifting clause is substantively unconscionable. The clause awards fees and costs to the “prevailing party, or substantially prevailing party[],” which means that even if plaintiffs prevail on some of their claims but not all, they may still be required to pay MHN’s attorney’s fees and costs. This provision is contrary to the applicable statutory cost-shifting regimes provided by California and federal law, which entitle only the prevailing plaintiff to an award of costs and fees. See 29 U.S.C. § 216(b); Cal. Lab.Code § 1194(a). “There is no justification to ignore a [statutory] cost-shifting provision, except to impose upon the employee a potentially prohibitive obstacle to having her claim heard.” Chavarria, 733 F.3d at 925. The costs-and-fee-shifting clause results in an “unreasonable” and “unexpected” allocation of risks. Samaniego, 140 Cal.Rptr.3d at 497. Its effect is to chill employees from seeking vindication of their statutory rights by pursuing claims in arbitration.
Finally, we agree with the district court that, to at least a limited degree, the filing fees and punitive damages waiver are substantively unconscionable. The $2600 filing fee imposed by the commercial arbitration rules hampers one party—the employee—much more than the other. Likewise, the punitive damages waiver “improperly proscribes available statutory remedies” afforded to plaintiffs bringing employment claims. See Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1179 (9th Cir.2003).
*464 3. The district court did not abuse its discretion by declining to sever the unconscionable portions of the arbitration provision. See Cal. Civ.Code § 1670.5(a); Bridge Fund Capital Corp. v. Fastbucks Franchise Corp., 622 F.3d 996, 1005-06 (9th Cir.2010) (holding that the district court did not abuse its discretion in refusing to enforce an unconscionable arbitration clause in its entirety). Although the Federal Arbitration Act expresses a strong preference for the enforcement of arbitration agreements, the Act does not license a party with superior bargaining power “to stack the deck unconscionably in [its] favor” when drafting the terms of an arbitration agreement. Ingle, 328 F.3d at 1180. Under generally applicable severance principles, California courts refuse to sever when multiple provisions of the contract permeate the entire agreement with unconscionability. See Samaniego, 140 Cal.Rptr.3d at 1149. The district court found that to be the case here, because striking the five unconscionable clauses would require it to “assume the role of contract author rather than interpreter.” Ingle, 328 F.3d at 1180. While we may have reached a different conclusion on that score had we been conducting the analysis in the first instance, we cannot say that the district court’s determination is “illogical, implausible, or.without support in inferences that may be drawn from the facts in the record.” United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir.2009) (en banc).
4. We reject MHN’s preemption arguments as foreclosed by recent case law. See Chavarria, 733 F.3d at 926-27. Cha-varria applied the same general principles of California unconscionability law we have applied here. Application of those principles does not result in an analysis that is impermissibly unfavorable to arbitration.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.