NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 29 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR MERKIN; JAMES SMITH, individually and on behalf of all others similarly situated, and on behalf of the general public,<br><br>         Plaintiffs - Appellees,<br><br>    v.<br><br>VONAGE AMERICA, INC.,<br><br>         Defendant - Appellant. | No. 14-55397<br><br>D.C. No. 2:13-cv-08026-CAS-MRW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted February 2, 2016
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,** Chief District Judge.

In this putative class action, Arthur Merkin and James Smith ("Plaintiffs")

allege that Vonage America, Inc. ("Vonage") violated California law by charging

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

certain fees in connection with its Voice over Internet Protocol service. Vonage filed a motion to compel arbitration pursuant to its Terms of Service. The district court denied the motion, and Vonage timely appealed. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B) and reverse with directions to grant the motion.

1. We reject Vonage's argument that the district court should have referred to the arbitrator the Plaintiffs' contention that the arbitration provision in the Terms of Service was unconscionable. "[W]hen a plaintiff's legal challenge is that a contract as a whole is unenforceable, the arbitrator decides the validity of the contract," but "when a plaintiff argues that an arbitration clause, standing alone, is unenforceable . . . that is a question to be decided by the court." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010). Plaintiffs' challenge was clearly directed at the arbitration provision.

2. "Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013); *see also Sanchez v. Valencia Holding Co.*, 353 P.3d 741, 748 (Cal. 2015) ("[P]rocedural and substantive unconscionability must both be present.") (alterations omitted). We agree with the district court that the arbitration provision in the Vonage Terms of Service is procedurally unconscionable because it is adhesive, *Sanchez*, 353 P.3d at 751, and can be unilaterally modified by Vonage. *See Westlye v. Look Sports, Inc.*, 22 Cal.

2

Rptr. 2d 781, 792 (Ct. App. 1993) (describing procedural unconscionability as arising in situations where there is "no real negotiation and an absence of meaningful choice"); *Chavarria*, 733 F.3d at 923 (explaining that the Ninth Circuit has held, when applying California law, that the "degree of procedural unconscionability is enhanced when a contract binds an individual to later-provided terms").

3. In the district court, Plaintiffs identified several provisions of the arbitration agreement in the 2013 Terms of Service as substantively unconscionable.[1] The only provision among those challenged below asserted on appeal to be substantively unconscionable is Section 14.10, which exempts certain categories of claims from arbitration. We therefore address only that provision. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988) ("It is well established in this Circuit that claims which are not addressed" on appeal "are deemed abandoned.").

4. Relying on California cases holding it unconscionable to exempt from arbitration claims one party is likely to bring while requiring arbitration of the other party's likely claims, *e.g., Fitz v. NCR Corp.*, 13 Cal. Rptr. 3d 88, 104 (Ct. App. 2004), Plaintiffs argue that the "carve-out" provisions of Sections 14.10(c) and (d)

---

[1] The unilateral modification clause of the 2013 Terms of Service was not among the provisions that Plaintiffs claimed were substantively unconscionable. The district court only cited that clause, however, in finding procedural unconscionability.

are unenforceable. But, the Federal Arbitration Act preempts state-law defenses "that apply only to arbitration or derive their meaning from the fact that an agreement to arbitrate is in issue." *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The California rule relied upon by Plaintiffs is such a defense.[2]

5. Moreover, even assuming arguendo that Section 14.10 is unconscionable, "[w]here, as here, only one provision of the agreement is found to be unconscionable and that provision can easily be severed without affecting the remainder of the agreement, the proper course is to do so." *Dotson v. Amgen, Inc.*, 104 Cal. Rptr. 3d 341, 350 (Ct. App. 2010) (finding an abuse of discretion for refusing to sever such a provision); *see also Zaborowski v. MHN Gov't Servs., Inc.*, 601 F. App'x 461, 464-65 (9th Cir. 2014) (Gould, J., concurring in part and dissenting in part) ("*Concepcion* and its progeny should create a presumption in favor of severance when an arbitration agreement contains a relatively small number of unconscionable provisions that can be meaningfully severed[.]").

6. The order of the district court denying Vonage's motion to compel arbitration is **REVERSED**, and this case is **REMANDED** with instructions to grant

---

[2] Plaintiffs also challenge Section 14.10(b), which allows a collection agency to which Vonage's claims against a user have been assigned to go to court. But Section 14.10(a) also offers a consumer the option between pursuing small claims against Vonage in court or through arbitration, claims consumers are more likely to assert, mitigating any one sided unfairness caused by the claims Vonage is allowed to take to court.

the motion.

FILED

FEB 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



Wardlaw, Circuit Judge, dissenting:

I would affirm the district court's denial of Vonage's motion to compel

arbitration.

**1.** The district court correctly found Section 14.10's "carve-out"

provisions substantively unconscionable under California law. Before *Concepcion*

and since, the settled law in California has been that arbitration agreements may be

substantively unconscionable when they except from mandatory arbitration the

claims one party is more likely to assert. *See, e.g., Carmona v. Lincoln Millennium

Car Wash, Inc.*, 171 Cal. Rptr. 3d 42, 51–52 (Ct. App. 2014); *Samaniego v. Empire

Today LLC*, 140 Cal. Rptr. 3d 492, 500 (Ct. App. 2012); *Abramson v. Juniper

Networks, Inc.*, 9 Cal. Rptr. 3d 422, 442–43 (Ct. App. 2004). Vonage's arbitration

agreement does just that. It excepts from mandatory arbitration claims related to

overdue payments, intellectual property rights, and unauthorized use of service.

No one seriously disputes that these are the claims a cell phone services provider,

like Vonage, is most likely to bring against its customers, or that customers are

exceedingly unlikely to assert such claims against Vonage. The result: Vonage

may choose whether to litigate or arbitrate its claims, but customers may not.

Under California law, this provision of Vonage's arbitration agreement is

1

substantively unconscionable.  *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1285–87 (9th Cir. 2006) (en banc).

**2.**     The majority does not even reach the question of whether this agreement is substantively unconscionable under California law.  Instead, the majority concludes that the "California cases" upon which Plaintiffs rely do not survive *Concepcion* because these cases establish a "state-law defens[e]" that "appl[ies] only to arbitration or derive[s] [its] meaning from the fact that an agreement to arbitrate is in issue."  The majority is wrong.  Within the arbitration context and outside it, under California law a contract is substantively unconscionable if its terms will have unfairly one-sided effects or results.  *See A & M Produce Co. v. FMC Corp.*, 186 Cal. Rptr. 114, 122, 125–26 (Ct. App. 1982) (providing California's leading account of substantive unconscionability analysis in the context of a contract for the sale of agricultural equipment).  The unfairness of "likely" effects or results is no different.  Here, by asking whether the effects of Section 14.10 are likely to be one-sided, the district court followed the same substantive unconscionability analysis that would apply in any other context.

"Likelihood" aside, the majority's real point is that the FAA requires the states to enforce agreements that grant to the stronger party access to either an arbitral or judicial forum but that deny the weaker party that choice.  It does not.  The FAA rejects the view that arbitration is inherently inferior to litigation.  *See*

2

*AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011).  However, a choice

between arbitration and litigation is superior to arbitration with no alternative.

That is because choice yields strategic flexibility—here, the opportunity to assess

the circumstances of any particular dispute and determine which forum would be

most advantageous.  This is a valuable choice that Vonage, as the drafter of this

adhesive agreement, reserved for itself but denied its customers.  The unfairness of

a provision that greatly favors the party with all the bargaining power is not unique

to arbitration, and the FAA does not require its enforcement.  *See Chavarria v.*

*Ralphs Grocery Co.*, 733 F.3d 916, 927 (9th Cir. 2013) (holding that the FAA does

not preempt California law's invalidation of an arbitration policy that imposed one-

sided costs on the weaker party).

      To be sure, the unfairness of this agreement happens to *involve* arbitration.

As we recently explained, however, *Concepcion* did *not* hold that the FAA

"require[s] strict enforcement of all terms contained in an arbitration agreement."

*Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 434 (9th Cir. 2015).  "Such

a broad construction of the FAA's purposes is untenable, of course, because it

would render § 2's saving clause wholly ineffectual."  *Id.* (citation and internal

quotation marks omitted); *see also Chavarria*, 733 F.3d at 927 ("[*Concepcion*]

cannot be read to immunize all arbitration agreements from invalidation no matter

how unconscionable they may be, so long as they invoke the shield of

3

arbitration."). Rather, while "*Concepcion* outlaws discrimination in state policy that is *unfavorable* to arbitration," it leaves intact state-law defenses that are "agnostic towards arbitration." *Chavarria*, 733 F.3d at 927 (citation and internal quotation marks omitted). The application of California's unconscionability doctrine in this case is "not unfavorable towards arbitration, but instead reflects a generally applicable policy against abuses of bargaining power." *Id.* The FAA does not preempt the invalidation of Section 14.10.

3. The majority ignores the correct standard of review by concluding that Section 14.10 "can easily be severed." "We review a district court's choice not to sever unconscionable portions of an arbitration agreement governed by California law for abuse of discretion." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010). "An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) (internal quotation marks omitted). "We reverse only if we are convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011) (internal quotation marks omitted).

4

Under the appropriate standard of review, I cannot conclude that the district court abused its discretion in declining to sever Section 14.10 from Vonage's arbitration agreement. Under California law, a court may refuse to enforce an arbitration agreement that is "permeated" by unconscionability. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 697 (Cal. 2000). In this case, the procedural unconscionability of Vonage's unilateral modification provision would frustrate any effort "to save the arbitration agreement by severance or restriction." *Nagrampa*, 469 F.3d at 1293. This unilateral modification provision turns the task of severance into a battle with the Hydra: a court could strike an offending provision, such as Section 14.10, but who's to say what will take its place? Vonage would retain the ability to unilaterally "change the terms and conditions of this agreement from time to time," as it has done dozens of times since Merkin and Smith signed up for its service, including four days *after* they brought this action. Vonage remains free to revive unconscionable provisions, and a court cannot be sure that any reformation would result in an enforceable arbitration agreement. Under these circumstances, the district court's decision against severing Section 14.10 does not lie "beyond the pale of reasonable justification." *McCollough*, 637 F.3d at 953.