

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RIZWAN ALI,

    Plaintiff - Appellee,

v.

J.P. MORGAN CHASE BANK, N.A.,

    Defendant - Appellant.

No. 14-15076

D.C. No. 3:13-cv-01184-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted February 11, 2016
San Francisco, California

Before: SILVERMAN, FISHER and TALLMAN, Circuit Judges.

J.P. Morgan Chase Bank (JPMC) appeals the district court's order denying

its motion to compel arbitration. We have jurisdiction under 9 U.S.C.

§ 16(a)(1)(B). Reviewing de novo, *see Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d

1052, 1057 (9th Cir. 2013) (en banc), we affirm in part, reverse in part and remand

with instruction to compel arbitration.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  The district court properly concluded the arbitration agreement was adhesive, and thus at least minimally procedurally unconscionable.  The agreement governing various aspects of Ali's employment with JPMC, of which the "Binding Arbitration Agreement" ("BAA") was part, was adhesive because it was offered "on essentially a 'take it or leave it' basis."  *Sanchez v. Valencia Holding Co., LLC*, 353 P.3d 741, 762 (Cal. 2015).  Adhesive contracts are at least minimally procedurally unconscionable under California law.  *See Baltazar v. Forever 21, Inc.*, No. S208345, 2016 WL 1176599, at *3 (Cal. Mar. 28, 2016) (citing *Gentry v. Superior Court*, 165 P.3d 556, 573 (Cal. 2007)).

2.  The district court erred in concluding it is substantively unconscionable for the BAA to exclude from its coverage certain actions seeking only provisional injunctive relief.  This carve-out "does no more than recite the procedural protections already secured by [California Code of Civil Procedure] section 1281.8(b), which expressly permits parties to an arbitration to seek preliminary injunctive relief during the pendency of the arbitration."  *Id.* at *5.  A provision "which does no more than restate existing law does not render the agreement unconscionable."  *Id.* at *1 (citation omitted).[1]

---

[1] The district court did not have the benefit of the California Supreme Court's recent decision in *Baltazar*.

3. The district court also erred in concluding the BAA's initiation provision is substantively unconscionable. Although this provision lacks mutuality, substantive unconscionability "turns not only on a one-sided result, but also on an absence of justification for it." *Armendariz v. Found. Health Psychcare Servs.*, 6 P.3d 669, 692 (Cal. 2000) (quoting *A & M Produce Co. v. FMC Corp.*, 186 Cal. Rptr. 114, 122 (Ct. App. 1982)) (internal quotation marks omitted). The initiation provision is narrowly designed to accommodate JPMC's legal obligation to pay all costs unique to arbitration, and thus has a "reasonable justification . . . based on 'business realities.'" *See Armendariz*, 6 P.3d at 687-89, 691.

4. The district court properly concluded the BAA's confidentiality provision is not substantively unconscionable. Ali suggests, in a brief and conclusory argument and without citing any authority, that the confidentiality provision is unfairly one-sided because "having the hearing closed benefits Chase, not the Plaintiff as it prevents others from observing and learning of Chase's illegal policies and practices." Ali does not argue he would be unfairly disadvantaged in resolving his own dispute with JPMC; rather, his concern appears to be solely for other, potential plaintiffs. This "concern[] ha[s] nothing to say about the fairness or desirability of a secrecy provision with respect to the parties themselves." *Woodside Homes of Cal., Inc. v. Superior Court*, 132 Cal. Rptr. 2d 35, 42 (Ct. App.

3

2003). "[A] provision which favors one side is not substantively unconscionable if the advantage is completely collateral to the issues surrounding a fair resolution of the dispute." *Id.* at 42 n.11.[2]

5. None of the other provisions in the BAA are substantively unconscionable. The BAA's discovery "guidelines" may be expanded or restricted in the arbitrator's "reasonable discretion" and the BAA expressly requires discovery "consistent with . . . general standards of due process [and] the Rules of AAA." *See Dotson v. Amgen, Inc.*, 104 Cal. Rptr. 3d 341, 349 (Ct. App. 2010) (enforcing an arbitration discovery limitation because "the agreement gives the

---

[2] We have recognized that confidentiality provisions in an arbitration agreement are not per se unconscionable under California law. *See Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1079 (9th Cir. 2007) (citing *Mercuro v. Superior Court*, 116 Cal. Rptr. 2d 671, 679 (Ct. App. 2002); *see also Baltazar*, 2016 WL 1176599, at *7 ("Agreements to protect sensitive information are a regular feature of modern litigation, and they carry with them no inherent unfairness."). But we have also held that a confidentiality provision is "written too broadly," and thus substantively unconscionable, when, for example, it "precludes even mention to anyone 'not directly involved in the mediation or arbitration' of . . . even 'the existence of a controversy and the fact that there is a mediation or an arbitration proceeding'" because "[s]uch restriction[] would prevent an employee from contacting other employees to assist in litigating (or arbitrating) an employee's case." *Davis*, 485 F.3d at 1078. Ali has not, however, contended the confidentiality provision here "would handicap [or] stifle [his] ability to investigate and engage in discovery." *Id.* Ali remains free to argue to the arbitrator that the confidentiality provision is unenforceable as applied in his case. *See Kilgore*, 718 F.3d at 1059 n.9 ("[T]he enforceability of the confidentiality clause is a matter distinct from the enforceability of the arbitration clause in general. Plaintiffs are free to argue during arbitration that the confidentiality clause is not enforceable.").

arbitrator the broad discretion contemplated by the AAA rules to order the discovery needed to sufficiently litigate the parties' claims"). The BAA's unilateral modification clause is subject to "the fundamental limit . . . imposed by the covenant of good faith and fair dealing implied in every contract." *Serpa v. Cal. Sur. Investigations, Inc.*, 155 Cal. Rptr. 3d 506, 514 (Ct. App. 2013). It is not inherently unfair for the BAA to authorize an arbitrator to rule on summary judgment motions. *See Little v. Auto Stiegler, Inc.*, 63 P.3d 979, 986 n.1 (Cal. 2003) ("To the extent that the availability of dispositive pre-arbitration motions favor [sic] [the employer] as defendant, they confer no more of an advantage than would be the case had the action been brought in court.").

6. In sum, because the BAA is not substantively unconscionable, the district court erred in failing to enforce it. *See Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013) ("Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid." (citing *Armendariz*, 6 P.3d at 690)). Accordingly, we reverse the district court's order, and remand with the instruction to compel arbitration.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**.

The parties shall bear their own costs on appeal.