**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA PONKEY, individually and on behalf of similarly situated persons,<br><br>                 Plaintiff-Appellant,<br><br>   v.<br><br>LLR, INC., a Wyoming corporation; LULAROE, LLC, a California limited liability company; LENNON LEASING, LLC, a Wyoming limited liability company; MARK A. STIDHAM; DEANNE S. BRADY, AKA Deanne Stidham; DOES, 1-30, inclusive,<br><br>                 Defendants-Appellees. | No.   22-55532<br><br>D.C. No.<br>5:21-cv-00518-AB-SHK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted July 21, 2023*
Pasadena, California

Before: S.R. THOMAS, NGUYEN, and FORREST, Circuit Judges.

Jessica Ponkey appeals from district court orders compelling her to arbitrate

her claims against LLR, Inc., Lularoe LLC, Lennon Leasing, LLC, Mark A.

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Stidham, and Deanne S. Brady (collectively LLR) and confirming a final arbitration award. Ponkey contends that the parties' arbitration agreement is unconscionable under California law. We have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D), and we reverse.

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 2, "courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations omitted). The FAA's savings clause permits invalidating arbitration agreements where a generally applicable state contract defense applies, including unconscionability. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259–60 (9th Cir. 2017). However, given the strong FAA policy of enforcing arbitration agreements, and because arbitration provisions are considered severable, a party must challenge the unconscionability of the arbitration provision itself. *See Rent-A-Center., W., Inc. v. Jackson*, 561 U.S. 63, 70–75 (2010).

California law governs the agreement at issue and follows a sliding scale approach in assessing unconscionability; where a contract is more substantively oppressive, less evidence of procedural unconscionability is necessary, and vice versa. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).

1. ***Procedural unconscionability.*** There is a low level of procedural

2

unconscionability here where LLR had superior bargaining power and imposed an adhesive contract on Ponkey. *See id.* at 113–15. The availability of positions with other multi-level marketing companies, by itself, does not defeat this procedural unconscionability. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1283 (9th Cir. 2006) (en banc). Although Ponkey argues that there is heightened procedural unconscionability because of the ambiguity of several provisions, we decline to find that such ambiguity constitutes procedurally unconscionable "surprise," where the arbitration provision itself is in normal text, and the relevant terms were available to Ponkey and were not hidden or incomprehensible. *See Parada v. Superior Ct.*, 176 Cal. App. 4th 1554, 1571 (2009) (explaining surprise is typically found where the provision is hidden or beyond expectation); *cf. OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 128 (2019) (concluding procedural unconscionability was present where provisions were "visually impenetrable" and dense); *Penilla v. Westmont Corp.*, 3 Cal. App. 5th 205, 216–17 (2016) (finding procedural unconscionability where defendant failed to draw surprising cost provision to plaintiffs' attention and knew many plaintiffs did not speak fluent English).

2. ***Substantive unconscionability.*** There is significant substantive unconscionability evincing that LLR sought to impose arbitration on Ponkey "not simply as an alternative to litigation, but as an inferior forum that work[ed] to [LLR]'s advantage." *Armendariz*, 24 Cal. 4th at 124. The substantively

unconscionable terms that LLR imposed include: (1) a confidentiality provision inhibiting informal discovery,[1] *see Ramos v. Superior Ct.*, 28 Cal. App. 5th 1042, 1065–67 (2018); (2) a waiver of attorneys' fees where Ponkey would otherwise have a statutory right to recover fees, *see Dougherty v. Roseville Heritage Partners*, 47 Cal. App. 5th 93, 106 (2020); and (3) a one-sided exemption from arbitration allowing claims that LLR is more likely to assert to be brought in court and requiring Ponkey to waive certain arguments, *see, e.g.*, *Farrar v. Direct Com., Inc.*, 9 Cal. App. 5th 1257, 1272–73 (2017); *Mercuro v. Superior Ct.*, 96 Cal. App. 4th 167, 175–78 (2002).[2]

Therefore, we conclude that the parties' arbitration agreement is unenforceable under California's sliding-scale approach, and we also conclude that the district court cannot sever the offending terms to preserve the agreement's

---

[1]We reject LLR's argument that the FAA preempts California's unconscionability law on this issue. California law disallows confidentiality clauses that are so broad as to inhibit informal discovery. *See Ramos v. Superior Ct.*, 28 Cal. App. 5th 1042, 1065–67 (2018). Narrower clauses may be enforceable. *See Epstein v. Vision Serv. Plan*, 56 Cal. App. 5th 223, 243–45 (2020). This nuanced unconscionability rule does not disproportionately impact or uniquely apply to arbitration. *See Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 921–22 (9th Cir. 2013).

[2]Ponkey also argues that the one-sided statute-of-limitations waiver and shortened limitations period, the unilateral modification provision, and the one-sided "consequential and exemplary damages" waiver are unconscionable *as applied* to the arbitration agreement. *See Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1032 (9th Cir. 2016) (citing *Rent-A-Center*, 561 U.S. at 71, 74). Because we conclude that the arbitration agreement is unconscionable under California law based on its own terms, we do not address these additional as-applied challenges.

enforceability. *See De Leon v. Pinnacle Prop. Mgmt. Servs., LLC*, 72 Cal. App. 5th 476, 492–93 (2021). Because we conclude that the arbitration provision is unenforceable, we need not reach the issue of whether the district court erred in compelling arbitration against the non-signatory defendants.

**REVERSED and REMANDED for further proceedings.** Costs are to be taxed against the defendants-appellees.